***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Amy L. Pfeiffer, and the briefs and oral arguments on appeal. The appealing party has shown good grounds to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the prior Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement, and at the hearing before the Deputy Commissioner on 22 August 2001 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times herein, an employment relationship existed between the plaintiff and defendant-employer.
3. Key Benefits Services was the carrier on the risk for workers' compensation purposes.
4. The plaintiff's average weekly wage and applicable compensation rate will be determined pursuant to a Form 22 wage chart submitted by defendants.
5. In addition to the deposition transcript, the parties stipulated into evidence in this matter a packet of medical records marked collectively as stipulated exhibit one. The plaintiff introduced and the undersigned admitted into evidence the plaintiff's exhibit one, a wage verification form. The undersigned takes judicial notice of the Industrial Commission forms filed in this matter, which include (in order of filing): a Form 19 dated 30 November 1998, Form 61 dated 6 January 1999, Form 61 dated 19 January 1999, Form 33 (filed by the plaintiff's former counsel of record) dated 19 April 1999, Form 33R dated 18 May 1999, Form 18 dated 2 February 2001, Form 33 (filed by the plaintiff's current counsel of record) dated 8 March 2001, and Form 33R dated 15 March 2001.
6. The issue to be determined as a result of this hearing is whether the plaintiff sustained a compensable injury by accident to his back on or about 20 November 1998, and if so, to what medical and indemnity benefits is he entitled.
 ***********
Based upon the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner, the plaintiff was 58 years old. The plaintiff completed the eighth grade in school and is functionally illiterate. The plaintiff was not working in any capacity as of the date of the hearing before the Deputy Commissioner in the matter. The plaintiff has an I.Q. of 61.
2. The plaintiff was hired as a general laborer by defendant-employer in May 1998. In this capacity, the plaintiff drove a forklift, operated a saw, and did various odd jobs as necessary.
3. Sometime in October 1998, the plaintiff was stacking and tying down steel tubing in advance of an impending storm. While pulling a tube, the plaintiff felt a burning sensation in his back. The plaintiff continued to work with the pain. The plaintiff's exceptionally low I.Q. impacts his ability to recall and articulate dates and sequences.
3. The plaintiff, while working for defendant-employer on or about 12 or 13 November 1998, pulled on some steel tubing in the course of his job duties and felt the burning sensation in his back.
4. The plaintiff further testified that some time thereafter in November 1998, on or about 20 November 1998, he was working and, in the course of his employment, pushed a stack of steel tubing to align it when he again felt a burning sensation in his back. Because his back pain became unbearable, the plaintiff approached his foreman and then the employer's president and told both men.
5. The plaintiff was seen at the Sampson Regional Medical Center's Emergency Department on 31 October 1998 where he complained of low back, left hip, and radiating left leg pain that had been present for two to three weeks.
6. At the emergency room, the plaintiff underwent x-rays and was diagnosed by Dr. Silver with sciatica, low back pain, and degenerative joint disease. The plaintiff was referred to a Dr. Moss for a follow-up appointment on 2 November 1998. It does not appear that the plaintiff saw Dr. Moss on that date.
7. On 20 November 1998, the plaintiff was seen by Dr. Powell, an internist who had been the plaintiff's family physician and who was a long-time family friend of the plaintiff. Dr. Powell testified that Dr. Silver, the physician who had seen the plaintiff in the emergency department several weeks prior, called Dr. Powell and asked Dr. Powell to treat the plaintiff. Dr. Powell further testified that he was aware that this was an alleged on-the-job injury.
8. Dr. Powell wrote the plaintiff out of work as of 20 November 1998, and this was the last day on which the plaintiff worked. Dr. Powell began conservatively treating the plaintiff with medication and exercises. Later Dr. Powell ordered an MRI that took place on 23 March 2000. The MRI revealed degenerative disc disease with complete volume loss at L5-Sl.
9. Despite being out of work from 20 November 1998, and despite continued conservative treatment, the plaintiff's condition continued to worsen. Dr. Powell ordered another MRI that took place on 9 October 2001. This MRI revealed advanced degenerative disc disease at L5-Sl and the development of a small herniated disc as opposed to the bulging that had been present in the March 2000 MRI. The plaintiff has not been seen by a neurosurgeon or an orthopedic surgeon for his back condition, and has not been released to return to work in any capacity by Dr. Powell.
10. The plaintiff contends that the one or two incidents at work pulling and/or pushing steel exacerbated his underlying medical condition, rendering him disabled.
11. During October 1998 the plaintiff sustained a specific traumatic incident of the work assigned arising out of and in the course of his employment with defendant-employer. To find otherwise would frustrate the purpose of the Act. This plaintiff's ability to remember or make note of particular dates was impaired by his low level of mental accuity and is not a reflection of his credibility.
12. As a result of this specific traumatic incident the plaintiff was unable to work from 20 November 1998 and continuing.
13. The plaintiff has not reached maximum medical improvement.
14. The Form 22 submitted in this case establishes the plaintiff's average weekly wage at $261.31, which yields a weekly compensation rate of $174.22.
 ***********
Based on the foregoing findings of facts, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In October 1998 the plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer in that he sustained a specific traumatic incident of the work assigned. N.C.G.S. § 97-2(6).
2. The plaintiff is entitled to compensation at the rate of $174.22 per week from 20 November 1998 and continuing thereafter until the plaintiff returns to work or further order of the Commission. N.C.G.S. § 97-29.
3. The plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. N.C.G.S. §§ 97-2(19);97-25.
 ***********
Based upon the foregoing findings of facts and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay compensation to the plaintiff compensation at the rate of $174.22 per week from 20 November 1998 and continuing thereafter until the plaintiff returns to work or further order of the Commission. That portion of this compensation that has accrued shall be paid in a lump sum. This award is subject to the attorney's fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred by the plaintiff as a result of this injury by accident.
3. A reasonable attorney fee of twenty-five percent of the compensation due under paragraph 1 of this AWARD is approved for the plaintiff's counsel. Twenty-five percent of the lump sum due the plaintiff shall be deducted and paid directly to attorney for the plaintiff. Thereafter, every fourth check shall be paid directly to attorney for the plaintiff.
4. Defendants shall pay the costs of this appeal.
 S/______________ CHRISTOPER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION:
 S/_______________ DIANNE C. SELLERS COMMISSIONER